IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES TOMLINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT AND |
| ) | DEMAND FOR JURY TRIAL |
| OMAHA STEEL CASTINGS CO. ) | |
| 4601 Farnam Street ) | |
| Omaha, NE 68132 ) | |
| ) | |
| Defendant. ) | |

Plaintiff, James Tomlinson, through his undersigned attorney, brings this Complaint against Omaha Steel Castings Co., 4601 Farnam Street, Omaha, NE 68132, and in support thereof states the following upon information and belief:

### I. Introduction, Jurisdiction, and Parties

1. This suit is brought and jurisdiction lies pursuant to section 107 (a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2. All conditions precedent to jurisdiction under §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f) (3), have occurred or been complied with.

    a.    A charge of employment discrimination on the basis of disability was filed with the Equal Opportunity Commission ("EEOC") within the statutory time period allowed for such claim.

    b.    A Notification of Right to Sue was obtained by plaintiff. A true and accurate copy of said notification is attached as Exhibit A, and by this reference incorporated herein.

    c.    This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, James Tomlinson, is a citizen of the United States and the state of Nebraska, who resides at 3028 Martin Ave., Omaha, NE 68112.

4. All of the discriminatory employment practices alleged herein were committed within the state of Nebraska.

5. Defendant Omaha Steel Casting Co. is a Nebraska corporation, with a principal place of business in Omaha, Nebraska, where Defendant operates a steel casting company at which it employed the Plaintiff as a first shift molder.

6. Omaha Steel Casting Co. is a "person" within the meaning of §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Omaha Steel Casting Co. is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. §12117 and §701of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e.

8  Omaha Steel Casting Co. employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A).

## IV.  STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations

of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Plaintiff was employed by the Defendant in a first shift molder position from on or about 1997 until on or about May 16, 2006.

9. Plaintiff became disabled on or about February 2, 2006 when Plaintiff sustained injuries to his arm, neck, elbow, shoulder, and back in an accident arising out of and in the course of the Plaintiff's employment with the Defendant.

10. Defendant has knowledge of the accident and injury on or about the 2nd day of February, 2006.

11. Defendant's workers' compensation medical doctor placed Tomlinson on light duty restrictions following said injury.

12. Defendant had notice of such workers' compensation medical doctor's light duty restriction for Plaintiff.

13. On or about May 16, 2006, Defendant assigned Plaintiff lifting duties beyond aforesaid light duty restrictions.

14. Plaintiff refused to perform work beyond said restriction for fear of injury.

15. Defendant terminated Plaintiff's employment on May 16, 2006 for insubordination.

16. At all times during his employment through the present time, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the ADA. More particularly, Plaintiff suffered a work injury which has resulted in physical impairments that substantially limit one or more of his major life

activities.  Alternatively, Plaintiff has a record of having a disability, and or is regarded by Defendant as having a disability.

17.  Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8).  More specifically, Plaintiff is an individual with a disability, who, with reasonable accommodation, can perform the essential functions of such employment position that such individual holds or sesires, without endangering his health or the health of others in the workplace.  Further, providing such reasonable accommodation would not impose an undue hardship on Defendant.

FIRST CAUSE OF ACTION

18.  Plaintiff incorporates herein, as if fully set forth, the allegations contained in paragraphs one through 17.

19.  The foregoing actions by Defendant constitute a violation of the ADA.  Defendant discriminated against the Plaintiff on the basis of his disability or, alternatively, because of Defendant's perception that Plaintiff was disabled and terminated Plaintiff because of either aforementioned basis.

20.  As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered lost wages and lost benefits in an amount to be determined at trial.

21.  As a further direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered undue hardship, great emotional distress, humiliation, inconvenience, loss of enjoyment of life, extreme mental anguish, and damage to his reputation and work status.

## SECOND CAUSE OF ACTION

22. Plaintiff incorporates herein, as if fully set forth, the allegations contained in paragraphs one through 21.

23. Defendant's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to the terms, condition, or privileges or employment. Defendant's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C.

24. All of the unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## V.  PRAYER FOR RELEIF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of disability.

B. Order Defendants to make whole Plaintiff by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

C.  Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D.  Order Defendant to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including pain, suffering and humiliation, in amounts to be determined at trial.

E.  Order Defendants to pay Plaintiff punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

F.  Order the Defendants to pay Plaintiff a reasonable attorney's fee for this action.

G.  Order the Defendants to pay the cost of this action.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

## VI.  JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

JAMES TOMLINSON, Plaintiff

By:_/s/_Patrick McCormick
Patrick McCormick, Neb. #22450
Attorney at Law
319 S. 17th St., Suite 700
Omaha, NE 68102
402-498-2777
402-498-6457 (fax)